UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JULIO ARJONA GOMEZ** <br> **REG. # 67176-004** | **:** | **DOCKET NO. 19-cv-01126** <br> **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **JAMES MCHENRY, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Julio Arjona Gomez ("Gomez"). Gomez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Gomez, a Cuban national, came to the United States in 1994 as a refugee. Doc. 6, p. 6. In 2004 removal proceedings were initiated against him and on November 30, 2004, an order of removal was issued. *Id*. at 7. Gomez was released on February 29, 2008, on supervised release. *Id*.

On November 14, 2017, Gomez was arrested and subsequently convicted on one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(B), one count of

producing, using and trafficking in counterfeit access devices, in violation of 18 U.S.C. § 1029(A), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(A)(1). *See* Doc. 6, att. 1, pp. 2-4. On May 14, 2018, the Bureau of Immigration and Customs Enforcement (BICE) placed an immigration detainer on Gomez. *Id*. In the instant motion, petitioner complains that the detainer has made him illegible to participate in the FBOP-UNICOR Program, which might offer him early release pursuant to the First Step Act of 2018. *Id*. at pp. 7-8. He has unsuccessfully petitioned the Department of Homeland Security to lift this detainer and now seeks to have this Court order them to do so.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

Petitioner has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the

district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). Petitioner's argument that he is being deprived benefits because of the immigration detainer, specifically that he is not allowed to participate in certain BOP programs which would reduce his sentence, is properly before the Court as a § 2241 petition. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (*citing Cervante v. United States*, 402 F. App'x 886 (5th Cir. 2010). And because the Petitioner is housed in a facility over which this Court exercises jurisdiction when he filed the petition, jurisdiction exists to review his claim concerning the execution of his sentence. *See Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian").

Before a federal prisoner may proceed with a § 2241 habeas petition, he is required to exhaust all available administrative remedies. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). The Fifth Circuit has held that a challenge to the constitutionality of the BOP's regulation excluding prisoners with ICE detainers from participating in rehabilitation programs and halfway house placement is not required to exhaust administrative remedies before pursuing a request for habeas relief. *See Gallegos-Hernandez*, 688 F.3d at 194 (*citing Taylor v. United States Treasury Dep't,* 127 F.3d 470, 477 (5th Cir. 1997). Under the circumstances of the instant petition, Petitioner is not required to exhaust his available administrative remedies and the Court will consider the merits of Petitioner's habeas claims.

The United States Court of Appeals for the Fifth Circuit has held that the BOP's exclusion of an alien prisoner with an ICE detainer from participating in early release programs and community-based confinement does not violate the Equal Protection Clause of the Constitution.

*See Gallegos-Hernandez*, 688 F.3d at 195-96. Moreover, Gomez has no constitutional right to participate in UNICOR and earn early release. *See Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (a prisoner has no constitutional right to participate in rehabilitation programs); *Creager v. Chapman*, 2010 U.S. Dist. LEXIS 26843, 2010 WL 1062610, *3 (N.D. Tex. March 22, 2010) (Second Chance Act creates no constitutionally-protected interest in RRC placement). Gomez therefore fails to present a claim upon which habeas relief can be granted.

### III.
#### CONCLUSION

For the reasons stated above, Gomez's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE